UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-21364-JEM/Becerra

DAVID ARNOLD GRAY,

      Plaintiff

v.

MIAMI-DADE COUNTY and
DANIELLA LEVINE CAVA,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** came before the Court upon (1) Defendants, Miami-Dade County (the "County") and Daniella Levine Cava's, Motion to Dismiss (the "Motion to Dismiss"), ECF No. [12]; Plaintiff, David Arnold Gray's, Application for Clerk's Entry of Default Against Defendants (the "Motion for Default"), ECF No. [15]; and (3) Plaintiff's Motion for Leave to Amend (the "Motion for Leave to Amend"), ECF No. [11].

Upon due consideration of the motions, the applicable law, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that the Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART** as set forth herein, rendering the Motion for Default and the Motion for Leave to Amend **MOOT**.

**I.**    **BACKGROUND**

This is a 42 U.S.C. § 1983 case arising out of alleged civil rights violations relating to Plaintiff's employment with the County's Solid Waste Management Department ("SWM"). ECF

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. ECF No. [7].

1

No. [6]. Plaintiff filed his Complaint on April 11, 2023, and on April 13, 2023, before Defendants filed a response, Plaintiff filed an Amended Complaint (the "Amended Complaint"). ECF Nos. [1], [6]. Then, five days later, Plaintiff filed a Motion for Leave to Amend which sought to "correct typo errors" in the Amended Complaint. ECF No. [8] at 1. Because Plaintiff did not confer with Defendants prior to filing the motion, this Court ordered Plaintiff to "file a proper certificate of conferral in accordance with Local Rule 7.1" and noted that "[n]o response [was] required from Defendants until Plaintiff" complied with the Order. ECF No. [9].

Plaintiff then refiled his Motion for Leave to Amend on April 28, 2023, indicating Defendants' lack of objection. ECF No. [11]. In response, Defendants filed their Motion to Dismiss on May 8, 2023 arguing that the instant case "nearly duplicate[s]" another case that Plaintiff had filed in this district, *Gray v. Howard*, No. 22-cv-23693-RNS (hereinafter, "*Gray I*"), and as such, this matter constitutes a waste of "the Court's valuable resources." ECF No. [12] at 2. Plaintiff did not file a response, and this Court ordered Plaintiff to show cause why the Motion to Dismiss should not be granted. ECF No. [13]. Plaintiff argued the Motion to Dismiss warranted no response because it was untimely filed. ECF Nos. [14], [15]. Based on this alleged untimeliness, Plaintiff filed a Motion for Default. ECF No. [15].[3]

In *Gray I*, Plaintiff filed Complaint against the County and "ten individuals he describes as . . . County officials," six of whom are referenced in the Amended Complaint in the instant case.[4] *Gray I*, No. 22-cv-23693-RNS, 2023 WL 1965446, at *1 (S.D. Fla. Feb. 13, 2023). Plaintiff's original complaint included three claims: "a Fourteenth Amendment Due Process claim; a claim

---

[3] Defendant filed a response in opposition to the Motion for Default, ECF No. [16], and Plaintiff filed a reply, ECF No. [17].
[4] In the Amended Complaint, Plaintiff describes the "acts and omissions" of the following *Gray I* defendants in support of his claims in the instant suit: Ronald Howard, Sherra Durham-Camp, Michael J. Fernandez, Tyrone Williams, Alfred Coleman, and Trinese Lamb. *Compare* ECF No. [6], *with Gray I*, ECF No. [1].

2

for 'willful deprivation of rights'; and a claim for 'conspiracy against rights.'" *Id.* Plaintiff contended that these defendants "improperly interfered with his job with the . . . [SWM] as a trash truck driver and mishandled his grievance submissions." *Id.* Specifically, Plaintiff claimed he was threatened with disciplinary action based on policies of which he has no notice, barred from inspecting departmental standard operating procedures, shrugged off when he complained to the County, and ultimately disciplined. *Id.*; *see also Gray I*, ECF No. [1].

The defendants in *Gray I* asked the Court "to dismiss the complaint, arguing that they [were] entitled to qualified immunity, the complaint [was] a shotgun pleading, and that Gray fail[e]d to state a claim." *Gray I*, 2023 WL 1965446, at *1. The Court granted the motion, struck the complaint as a shotgun pleading, and stayed the case, with instructions for Plaintiff to replead if he could in good faith "allege facts directly supporting a viable claim for relief against each Defendant" and "avoid conclusory or vague allegations." *Id.* at *2. The amended complaint Plaintiff filed thereafter, *Gray I*, ECF No. [17] (the "Amended *Gray I* Complaint"), disregarded these instructions, and the Court, on the defendants' motion, dismissed it with prejudice for failure to state a claim. *Gray I*, No. 22-cv-23693-RNS, 2023 WL 4405215, at *3 (S.D. Fla. July 7, 2023).[5]

## II.     THE AMENDED COMPLAINT

Plaintiff, who is proceeding *pro se*, filed the instant Amended Complaint containing two counts under 42 U.S.C. § 1983: (1) deprivation of due process rights, and (2) deprivation of Section 1 rights under "the Section 1 clause of the Thirteenth Amendment to the United States Constitution." ECF No. [6] at 12, 17. The factual basis of Plaintiff's claims, however, is difficult,

---

[5] After filing the Amended *Gray I* Complaint, Plaintiff filed two additional motions for leave to amend in that case. *Gray I*, ECF Nos. [21], [24]. In his order dismissing the Amended *Gray I* Complaint with prejudice, the Honorable Judge Robert N. Scola noted that Plaintiff's proposed amendments failed to "cure the shortcomings" previously identified, leading him to deny Plaintiff's motion for leave to amend on the basis of futility. *Gray I*, 2023 WL 4405215, at *4.

if not impossible, to decipher. At best, it appears Plaintiff is arguing that he was deprived of procedural due process because the County took disciplinary action against a different County employee, based on inaccurate information and standard operational procedures for SWM's Trash Division of which affected employees had no notice (the "SWM SOPs"). *See id.* at ¶¶ 9-27.

He later claims these procedures "[n]ever existed." ECF No. [6-1] at 10. Still, he revives his argument from *Gray I*, claiming he was prevented from inspecting the SWM SOPs by County employees, and that his grievance to the County was mishandled. ECF No. [6] at ¶¶ 18-35. Indeed, three of the four exhibits attached to the Amended Complaint reflect workplace sanctions instituted against the other employee. *See* ECF Nos. [6-1] to [6-3]. The last exhibit is an email regarding the lack of SWM SOPs, which was an exhibit to the original complaint in *Gray I* and remained at issue in subsequent iterations. *Gray I*, ECF Nos. [1] at 52-53; [17] at ¶ 26.

Throughout nearly every paragraph in the Amended Complaint, Plaintiff combines disjointed factual allegations with references to Florida Statute § 112.313(6) and the Citizens' Bill of Rights set forth in Part I of the County's Code of Ordinances (the "BOR"). *See, e.g.*, ECF No. [6] at ¶¶ 9-13, 18, 20-23, 28-30, 35. For example, Plaintiff begins his first set of facts in the Amended Complaint by stating that:

> [SWM] Waste Supervisor 1 Tetrick Reese . . . used an appearance of legal power, as set forth in the . . . [BOR], to provide [Mr.] Gulley with full and accurate information at the South Miami Heights Trash and Recycling Center (TRC)–Reese stated [T]rash Truck Drivers 1 are subordinate to Waste Attendants 1 at the TRCs, obtained by misuse of public position under Fla. Stat. 112.313(6).

*Id.* at ¶ 9. According to Plaintiff, Mr. Reese issued a "Disciplinary Action Report" against Mr. Gulley "for violating insubordination based on Trash Truck Drivers 1 are subordinate to Waste Attendants 1 at the TRCs," which was followed by a letter from SWM "Assistant Director of Collections" Sherra Durham-Camp informing Mr. Gulley of his suspension from his position for a period of eight days. *Id.* at ¶¶ 10-11. Then, SWM "Chief of Labor Relations" Trinese Lamb

4

reportedly "approved [Mr.] Gulley's official Forfeiture of Accrued Leave" and "waived all rights to grieve or appeal in lieu of his disciplinary suspension." *Id.* at ¶ 12.  Finally, Plaintiff says SWM "Director" Michael Fernandez "demoted [Mr.] Gulley from the position of Trash Truck Driver 1 to a subordinate position of Waste Attendant 1." *Id.* at ¶ 13.

Plaintiff claims these "acts and omissions" relating to another employee "proximately caused involuntary servitude upon *Plaintiff* as an employee in the classification of Trash Truck Driver 1—without notice or review—except as punishment for a crime—in violation of the Section 1 clause of the Thirteenth Amendment." *Id.* at 14 (emphasis added).  For this same reason, Plaintiff further argues he was deprived of procedural due process in violation of the Fourteenth Amendment and other unnamed "inalienable rights." *Id.* at ¶¶ 15-17.  As a result, Plaintiff claims he "suffered severe mental and emotional pain and suffering, mental anguish, embarrassment, humiliation, depression, and constant nightmares in remembrance of . . . his father's pain and suffering, as a result of his father being born . . . as a slave on the Gray's plantation." *Id.* at ¶ 17.

The remaining factual allegations in the Amended Complaint follow a similar formula and borrow considerably from the since-dismissed Amended *Gray I* Complaint.  Plaintiff claims that on January 26, 2022, SWM "Waste Supervisor 2" Alfred Coleman "used an appearance of legal power . . . to provide Plaintiff with full and accurate information upon request to inspect and copy the Standard Operating Procedures." *Id.* at ¶ 18.  Although one may presume this paragraph refers to the SWM SOPs, Plaintiff does not identify the procedures in question.  Continuing on, Plaintiff says Mr. Coleman told him "[t]he rule book is in my head and you can ask me anything you want to know about your job, obtained by misuse of public position under Fla. Stat. 112.313(6)." *Id.* (alteration in original).  This quote was also featured in *Gray I*.  *See Gray I*, ECF Nos. [1] at ¶ 23; [17] at ¶ 15.  Plaintiff says he submitted a complaint to the County "on behalf of Trash Truck Drivers 1 being held accountable for violating procedures" of which they had no notice.  ECF No.

5

[6] at ¶ 19. This grievance, only mentioned in passing here, appears to be the same one discussed at length in the Amended *Gray I* Complaint. *Gray I*, ECF No. [17] at ¶¶ 16-27.

Plaintiff claims SWM "Division Chief of Collections" Ronald Howard, Ms. Camp, and Mr. Fernandez "used . . . intimidation and bullying to violate Plaintiff's rights to inspect departmental SOPs," and "HR Division Director" Tyrone Williams "failed to fulfill procedural entitlements by creation of this government" by denying "Plaintiff's rights to a grievance appeal hearing . . . to determine [that] which William denied in a written response." ECF No. [6] at ¶¶ 20-23 (alteration in original). A copy of a denial of appeal letter matching this description was included within the Amended *Gray I* Complaint. *Gray I*, ECF No. [17] at 8-9.

In the last set of facts in the Amended Complaint, Plaintiff avers that Deputy Mayor Jimmy Morales "used an appearance of legal power . . . to promote efficient administrative management and make government more accountable" by offering "implied consent nonfeasance in response to Plaintiff's email requesting a meeting to discuss the managerial retaliation, intimidation, and bullying that has evolved into a hostile work environment." ECF No. [6] at ¶ 28. Plaintiff alleges that County Mayor Daniella Levine Cava "offered implied consent and nonfeasance in response to Plaintiff's email requesting a meeting to discuss" this same issue, and "HR Director" Arleene Cuellar "offered implied consent and nonfeasance in response to Cava's directive to revisit Plaintiff's grievance." *Id.* at ¶¶ 29-30. Plaintiff claims the same injuries noted above due to "Defendants' failure to train and supervise the[se] acts and omissions." *Id.* at ¶¶ 31-34. Again, these paragraphs have mirror-image counterparts in *Gray I*. *Gray I*, ECF No. [17] at 24-26.

The two counts of the Amended Complaint incorporate all of the foregoing paragraphs in support of Plaintiff's claims of deprivation of due process and Section 1 rights "under color of state law." ECF No. [6] at ¶¶ 36, 55-59, 78-81. Plaintiff "demands judgment for civil liability and damages" against both Defendants "in excess" of $1,000,000.00, "including but not limited to

6

compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs." *Id.* at 16-17, 22.

### III. ANALYSIS

The Court has reviewed the Amended Complaint,[7] as well as the allegations and litigation in *Gray I*, and finds that the Amended Complaint should be **DIMISSED WITHOUT PREJUDICE**. It is well-settled in the Eleventh Circuit that "[a] district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds," provided it *sua sponte* "allow[s] a litigant one change to remedy such deficiencies." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)) (citations omitted).

This is so "even if the parties do not request it." *Id.* (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)); *see also Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (explaining that courts "clearly [have] the power" to act "on [their] own initiative" in response to shotgun pleadings); *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (recognizing the district courts' "power and . . . duty" to intervene *sua sponte* in response to shotgun pleadings "at the earliest stages of litigation"); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (noting that a court should order a repleader when confronted with a shotgun pleading, "whether or not requested to do so" by the other party).

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing

---

[7] In evaluating the Motion to Dismiss, the Court accepts the allegations of the Amended Complaint as true. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

7

*Weiland*, 792 F.3d at 1320).  The former requires "a short and plain statement of the claim showing that the pleader is entitled relief," while the latter requires claims to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "each claim founded on a separate transaction or occurrence . . . stated in a separate count."  Fed. R. Civ. P. 8(a)(2); 10(b).  Shotgun pleadings are "flatly forbidden by the letter, if not the spirit, of these rules" because they are "calculated to confuse 'the enemy,' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case . . . can be masked."  *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (Tjoflat, J., dissenting).  "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" because they "waste scarce judicial resources, 'inexorably broaden[] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[] the public's respect for the courts.'"  *Vibe Micro*, 878 F.3d at 1295  (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981-83 (11th Cir. 2008), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (alteration in original).

Courts "have identified four rough types or categories of shotgun pleadings." *Weiland*, 792 F.3d at 1321.  At issue here are complaints "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1321-22.  Likewise, complaints "containing multiple counts where each count adopts the allegations of all preceding counts," as well as complaints that do not separate causes of action into different counts or that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," run afoul of the Federal Rules.  *Id.* at 1322-23.

Based on the Court's review, the Amended Complaint in this suit is guilty of the aforementioned "mortal sin[s]" that characterize shotgun pleadings, even when liberally construed under the less stringent standard that *pro se* pleadings are afforded*. Id.* at 1322; *Walters v. Sec'y,*

*Fla. Dep't of Corr.*, 743 F. App'x 401, 401 (11th Cir. 2018).  Plaintiff's description of the facts underlying his claims is incoherent, leaving only threadbare legal assertions and perplexing references to various regulations and statutes.  *See, e.g.*, ECF No. [6] at ¶¶ 9-13, 18-23, 28-30, 35.  Equally puzzling is Plaintiff's allegation that the County's disciplinary action against *another employee* can support *his own* procedural due process claims, which Plaintiff makes no attempt to explain or contextualize.  *See id.* at ¶¶ 9-17; ECF Nos. [6-1]-[6-3].

As in *Gray I*, Plaintiff "repeatedly says he was denied procedural due process but doesn't connect any of the Defendants' individual conduct to any particular adverse employment action that has been taken against him."  *Gray I*, No. 2023 WL 1965446, at *1.  And the similarities to *Gray I* do not end there—the Amended Complaint shares a common nucleus of fact with the Amended *Gray I* Complaint, although it is somehow less detailed and more unintelligible than its dismissed predecessor.

The "conclusory, vague, and immaterial" recitation of facts in the first thirty-five paragraphs of the Amended Complaint is "difficult, without some speculation," to unravel, such that it fails "to give . . . [D]efendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1321-22;  *Fikes v. City of Daphne*, 79 F.3d 1079, 1080 (11th Cir. 1996).  Muddying the waters further, each count in the Amended Complaint adopts paragraphs one through thirty-five, resulting in incorporation of "factual allegations that could not possibly be material to [each] specific count" and which bury "any allegations that [may be] material . . . beneath innumerable pages of rambling irrelevancies."  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *see also Gray I*, 2023 WL 1965446, at *1 (deeming Plaintiff's complaint a shotgun pleading where it "supplie[d] only a loose association of workplace events and communications without pinpointing any actual injury or each Defendant's particular liability

for that injury"). Plaintiff's proposed amendment does not remedy these defects and, if filed, would similarly be stricken as a shotgun pleading. ECF No. [11] at 6-34.

If Plaintiff wishes to replead without these deficiencies, he should "plead only facts that are tethered to a viable cause of action against the Defendants and . . . identify which facts relate to which cause of action and which Defendant." *Gray I*, 2023 WL 1965446, at *2. Plaintiff should omit references to any to legal authorities that do not correspond to his claims. Of equal importance, facts that do not relate to or support his claims should be left out unless Plaintiff can articulate the nexus between such facts and his claims. Finally, Plaintiff should spell out each element of each of his claims against each of the Defendants and outline which factual allegations bolster these claims, rather than summarily adopting thirty-five paragraphs into two counts.

## IV. CONCLUSION

Accordingly, it is hereby **RECOMMENDED** that the (1) Motion to Dismiss, ECF No. [12], be **GRANTED IN PART AND DENIED IN PART** for the reasons set forth herein; and (2) Amended Complaint, ECF No. [6], be **DISMISSED WITHOUT PREJUDICE**. Plaintiff may replead his case **by no later than thirty days from the date of this Order** "if he can, in good faith, allege facts directly supporting a viable claim for relief against each Defendant" as outlined above. *Gray I*, 2023 WL 1965446, at *2 (footnote omitted). The undersigned further **RECOMMENDS** that all pending motions, including the Motion for Default, ECF No. [15], and the Motion for Leave to Amend, ECF No. [11], be **DENIED AS MOOT**, and that this case should be **STAYED** with respect to any pretrial proceedings for as long as there is no operative complaint.

## V. OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Court within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the

District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on December 22, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**